Argued and submitted October 3, 2005, judgment vacated;
remanded to Department of Human Services January 31, 2007

Jane ROE;
Sharlot Martin;
and James Ryan,
*Plaintiffs-below,*

*and*

Calvin HEDLUND,
*Appellant,*

*v.*

Ted KULONGOSKI,
individually and in his official capacity as
Governor of the State of Oregon;
Jean Thorne,
individually and in her official capacity as
Director of the Oregon Department of Human Services;
and Department of Human Services,
*Respondents.*

0301-00713; A127300

152 P3d 938

Lorey H. Freeman argued the cause for appellant. With her on the opening brief were Spencer M. Neal and Oregon Law Center. With her on the reply brief was Oregon Law Center.

Richard D. Wasserman, Attorney-in Charge, Civil/Administrative Appeals Unit, argued the cause for respondents. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

ORTEGA, P. J.

## ORTEGA, P. J.

Petitioner received general assistance payments as part of the general assistance (GA) program administered by the Department of Human Services (DHS). As a result of budget cuts occurring in late 2002, DHS decided not to allocate funds to the program and to terminate it. DHS sent letters to petitioner and all GA recipients notifying them that, effective February 1, 2003, their benefits under the GA program would be terminated. The letter also informed recipients that DHS would not provide a hearing concerning the termination of payments, at least to the extent that recipients sought to contest DHS's decision to terminate the GA program.

Petitioner treated the letter as an agency order and sought judicial review in the circuit court under ORS 183.484, providing for judicial review of orders in other than contested cases.[1] Petitioner claimed, *inter alia*, that DHS acted beyond its authority in adopting temporary rules terminating the GA program and precluding hearings when benefit payments are stopped as a result of a program closure.[2] DHS responded that it acted within its authority in terminating and closing the GA program in response to budget cuts. On cross-motions for summary judgment, the trial court ruled in favor of DHS and entered a judgment dismissing petitioner's action. On appeal, petitioner[3] challenges DHS's action in ending the GA program and terminating benefits to all GA recipients without consideration of certain statutory criteria.

---

[1] Petitioner's third amended petition also sought review under ORS 183.480 and contained a claim for declaratory and injunctive relief under 42 USC section 1983.

[2] DHS's action terminating the GA program was contained in a temporary rule, OAR 461-135-0701, which DHS adopted on December 30, 2002, and which became effective on February 1, 2003. Its determination that payment recipients would not be entitled to a hearing was based on another temporary rule, OAR 461-025-0310, which DHS also adopted on December 30, 2002. That rule amended DHS's contested case hearings rule to specify that "[t]here is no right to a hearing to dispute a program requirement established by law [such as] the closure of a program * * *."

[3] Although three other petitioners appeared below, only petitioner Hedlund has appealed the judgment.

■ For the reasons discussed in our decision in *Wheaton v. Kulongoski*, 209 Or App 355, 147 P3d 1163 (2006), we do not reach the merits of petitioner's appeal.[4] Rather, we conclude that DHS's letter to petitioner informing him that it was terminating his benefits under the GA program was a final order in a contested case. *Id.* at 360-67. As a result, the trial court lacked jurisdiction to consider petitioner's challenge.[5] *Id.* at 360. Under ORS 14.165, the trial court was required to transfer the case to this court, which has exclusive jurisdiction to consider challenges to final orders in contested cases. *Wheaton*, 209 Or App at 369. Nevertheless, because petitioner timely appealed from the trial court's judgment, this court acquired jurisdiction. *Id.* at 370. As in *Wheaton*, we conclude that petitioner must be given a contested case hearing, vacate the circuit court judgment, and remand to DHS for that purpose. *Id.* at 370-71.

Judgment vacated; remanded to Department of Human Services.

---

[4] *Wheaton* involved DHS's "medically needy" program, rather than the GA program but, apart from that difference, the material facts are identical. *Id.* at 358. In *Wheaton*, DHS terminated the medically needy program by administrative rule in response to budget cuts, informed program participants that their benefits would be terminated effective February 1, 2003, and also informed participants that they would not be entitled to a hearing to challenge that termination. *Id.* Petitioners sought judicial review in the circuit court, which entered judgment on the merits in favor of DHS. *Id.* at 358. We vacated the judgment and remanded to DHS for further proceedings. *Id.* at 370-71.

[5] Petitioner sought to invoke ORS 183.480(3) (which authorizes persons, under limited circumstances, to challenge nonfinal agency orders) as a basis for the trial court to consider his claim for injunctive relief. However, because we have concluded that the agency order at issue here was final, we do not address that contention.